IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ALLEN McCULLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-03376-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING CASE FOR FURTHER PROCEEDINGS

Plaintiff Allen McCullough seeks judicial review of the Commissioner of Social Security's denial of his application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381a-1383. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3). Because it is clear from the ALJ's decision that she misunderstood the nature of a crucial medical source statement and how to weigh it, the Court REMANDS this case to the Commissioner for further proceedings consistent with this decision.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

### Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable

mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

**Analysis**

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In the present case, Plaintiff filed his application for benefits on August 22, 2006, alleging he became disabled beginning March 17, 2006, when he was 46 years-old. The administrative law judge ("ALJ") found that although McCullough had severe mental impairments of a schizoaffective disorder (bipolar) and a major depressive disorder, and severe physical impairments of obesity, degenerative disk disease, and insomnia, he retained the residual functional capacity to perform a limited range of simple, unskilled light work.

Plaintiff contends this decision is not supported by substantial evidence on the record. He contends that the ALJ erred by: (1) failing to give controlling weight to a medical source statement completed by Hilda Buckles, APRN-BC,[1] and endorsed by Mildred Baluyot, M.D.; (2) failing to consider the combined effects of his mental and physical impairments; (3) finding that his ability to perform minimal daily living tasks indicated he was not disabled; and (4) asking the vocational expert a question that did not accurately describe his functional capacity.

---

[1] "APRN-BC" is an acronym for Advanced Practice Registered Nurse, Board Certified.

**A. The ALJ erred in her treatment of the medical source statement completed by Nurse Buckles and co-signed by Dr. Baluyot.**

Plaintiff contends the ALJ erred by failing to give controlling weight to the Medical Source Statement of Ability To Do Work-related Activities (Mental) completed by Nurse Buckles and signed by Dr. Baluyot, Plaintiff's longstanding treatment providers. They found Plaintiff has "marked" limitations, that is, a substantial loss in the ability to effectively function, in eight areas of work-related mental activities, and one "extreme" limitation, defined as "no useful ability to function," in his ability to make complex work-related decisions R. at 398-400.

In discussing Plaintiff's credibility in light of the medical evidence of record, the ALJ stated,

> As for the opinion evidence, the undersigned notes that the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a treating doctor. Yet a review of the record in this case reveals no restrictions recommended by any treating doctor.

R. at 18. This, of course, is incorrect; the record contains restrictions from two treating mental health providers. The Commissioner argues the ALJ simply "mistakenly classified [the medical source statement] as that of an 'other source' rather than an acceptable medical source," and that mistaken or not, the ALJ properly discredited the opinion because it was inconsistent with the overall evidence of record. Def.'s Br. at 9. Thus, the Commissioner argues, "remand is unnecessary in this case as the outcome would be unchanged." *Id.*

The Court disagrees. To say that remand is unnecessary here means that there is no possibility that the medical source statement could sway the ALJ's decision. Although it does

3

not control, "a treating physician's opinion is generally entitled to substantial weight." *Wilson v. Apfel*, 172 F.3d 539, 542 (8th Cir. 1999). And whatever the status of Plaintiff's physical impairments, the record here demonstrates that Plaintiff clearly has severe mental health problems. Plaintiff has received mental health treatment for many years, he has received substantial psychiatric medications, and he has been hospitalized for psychiatric issues several times. He reports he has attempted to commit suicide four times in his life, and he appears to be from a family with mental health issues: he reports one brother committed suicide and another died of alcoholism. While the Court cannot conclude that Plaintiff's mental health impairments alone or in combination are sufficient to preclude substantial gainful employment, there is sufficient evidence here to possibly support an award of benefits. Accordingly, the Court cannot affirm the Commissioner's decision.

There is no need to address Plaintiff's remaining arguments.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is not supported by substantial evidence on the record. The Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date: March 12, 2012  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT